PLÁCIDA PADILLA, ETC., Plaintiff and Appellee, *v.* RICARDO MIRANDA, Defendant and Appellant.

No. 8471. Argued June 2, 1942.—Decided June 8, 1942.

516

*A. Dones Padró, L. Vizcarrondo Coronado* and *Angel Arroyo Rivera,* for appellant. *Ortiz Toro & Ortiz Toro* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In the present action for damages, the District Court of San Juan sustained the complaint and adjudged the defendant to pay to the plaintiff the sum of $700. In the appeal now before us the appellant urges that the lower court erred in granting leave to the plaintiff to amend her complaint at the trial, and in finding that the evidence introduced did not justify such amendment; in holding that there was negligence on the part of the employee of the defendant; in failing to take into account the contributory negligence of another driver, omitting to apply the doctrine of concurrent tort-feasor; in failing to take into account the contributory negligence of the injured child; and, lastly, in adjudging the defendant to pay an excessive award.

As to the first two assignments, suffice it to say that although it was alleged in the complaint that the accident had taken place on June 9, 1938, the defendant in his answer did not confine himself to a denial of that fact, but denied "that in June, 1938," his employee was driving the truck or that the accident occurred. It likewise appears from the transcript of the evidence that the attorney for the defendant and appellant failed to object to the amendment sought by the plaintiff, nor did he take an exception to the ruling of the court. Those assignments are without merit, and so is the third, which refers to the weighing of the evidence by the trial judge in order to determine the negligence of the defendant, when he said in his opinion:

. "After weighing the evidence, the court reaches the conclusion that the accident giving rise to the present action and the injuries sustained by the minor Ricardo Estrada were due solely and exclusively to the negligence of the chauffeur employed by the defendant who drove the truck rather fast and on a narrow road and did not slow down when meeting another car, being compelled, in order to avoid a collision with said automobile, to swerve as far as possible to the right and when attempting to regain the center of the road and, owing to the speed at which said truck was being driven, the vehicle skidded to the right and the left rear side thereof struck the minor Ricardo Estrada, who was walking along the right side of said road.

"We are convinced that the accident in which this action originated would not have happened if the driver of the truck, when meeting the automobile on such a narrow road as that along which he was going, had reduced the speed and thus avoided the sudden swerving toward the center of the road, made necessary by the heavy load of the vehicle, so as not to fall into the ditch, which violent swerving was the sole cause of that part of the truck skidding towards the right of said road."

The evidence introduced, as shown by the transcript of the evidence, upholds the conclusion reached by the lower court and, as it was not alleged that the latter was moved by passion, prejudice or bias, it is our opinion that it did not manifestly err in weighing the same.

 The fourth and fifth assignments of error, which bear on the contributory negligence, are without merit, inasmuch as the defendant failed to allege said negligence, either in his answer or as a defense, nor did he submit any evidence to prove it. His whole evidence was confined to an attempt to show that the truck was not at the place of the accident when the latter occurred. We have repeatedly held that it is incumbent upon the defendant to allege and prove contributory negligence. See *González v. Malgor, Luiña & Co.*, 29 P.R.R. 97; *Maldonado v. Hamilton*, 32 P.R.R. 208; *Rivera v. Central Pasto Viejo, Inc.*, 44 P.R.R. 236; and *López v. Rexach*, 58 P.R.R. 145, 157, where, it was held that "It is not enough that the defendant allege contributory

518

negligence. It is also necessary that he prove it by a preponderance of the evidence unless such negligence might be inferred from the evidence of the plaintiff." Such inference is not apparent in the case before us.

 It was shown that the injuries sustained by the plaintiff consisted in the fracture of the left arm and the wrenching of the ligaments of the left ankle, which resulted in his being confined in the hospital for 21 days. It is our opinion that the award of $700 granted is not excessive.

The appeal is denied and the judgment appealed from affirmed.